IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21cv541-ECM-SMD |
| ) | |
| MIKE KISER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER & RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Calvin Brooks ("Plaintiff") filed a Complaint (Doc. 1) for employment discrimination based on Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and other federal law. Compl. (Doc. 1) p. 3. Defendants moved to dismiss the Complaint, and the undersigned entered a Recommendation (Doc. 24) that the Motion be denied and that Plaintiff be allowed to file an amended complaint. The Recommendation was adopted by the Court, and Plaintiff filed an Amended Complaint (Doc. 27). Plaintiff's Amended Complaint, now operative before the Court, asserts employment discrimination claims under Title VII and the ADEA.[1] *See generally* (Doc. 27).

---

[1] It is unclear from Plaintiff's Amended Complaint if he is attempting to bring a claim under the Equal Pay Act. Am. Compl. (Doc. 27) pp. 4-5. "Under the Equal Pay Act, the [p]laintiff must show that the employer pays different wages to employees *of opposite sexes* for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which are performed under similar working conditions." *Rollins v. Ala. Cmty. Coll. Sys.*, 814 F. Supp. 2d 1250, 1267 (M.D. Ala. 2011) (citing *Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 795 (11th Cir. 1992)) (emphasis added). Importantly, here, Plaintiff does not allege that he was paid differently than someone of the opposite sex. *See generally* Am. Compl. (Doc. 27).

Plaintiff attaches his affidavit to the Amended Complaint. Aff. (Doc. 27-1) pp. 2-4. Defendants move to strike Plaintiff's affidavit and to dismiss the Amended Complaint. Mots. (Doc. 30, 31). Plaintiff opposes the motions (Doc. 35) and moves to supplement his Amended Complaint (Doc. 34). For the reasons that follow, the undersigned denies Defendants' Motion to Strike (Doc. 30); recommends that Defendants' Motion to Dismiss (Doc. 31) be granted; and denies Plaintiff's Motion to Supplement (Doc. 34).

I. **JURISDICTION**

Plaintiff asserts employment discrimination claims under Title VII and the ADEA. Am. Compl. (Doc. 27). These claims present federal questions within this Court's original jurisdiction under 28 U.S.C. § 1331.

II. **DEFENDANTS' MOTION TO STRIKE AFFIDAVIT**

Before delving into the merits of Defendants' Motion to Dismiss, the undersigned turns first to determine whether Plaintiff's affidavit, which is attached to his Amended Complaint, should be stricken. The affidavit provides details that are not included in the Amended Complaint regarding how Defendants allegedly discriminated against Plaintiff. *See generally* Aff. (Doc. 27-1) pp. 2-4.

A pro se complaint is to be construed liberally to ensure justice is served. *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Faced with similar circumstances as the ones here, another court in this Circuit considered a pro se plaintiff's

---

Instead, he contends that he was not paid for the multiple jobs he performs and that younger employees are not required to perform the same amount of work as him. Am. Compl. (Doc. 27) p. 5. Because Plaintiff does not allege that he is paid differently than workers of the opposite sex, the undersigned will not construe Plaintiff's Amended Complaint as an attempt to state an Equal Pay Act claim.

affidavit that was attached to his complaint on a Rule 12(b)(6) motion. *See Belasco v. Mr. Cooper Mortg. Co.*, 2022 WL 2388703, at *3 (N.D. Ga. Mar. 9, 2022) (considering a pro se plaintiff's affidavit attached to his complaint where the affidavit stated facts from which the court could discern a plausible claim). Because Plaintiff is afforded pleading leniency, the undersigned will consider Plaintiff's affidavit and the factual allegations contained therein and will deny Defendants' Motion to Strike.

### III. DEFENDANTS' MOTION TO DISMISS

#### A. FACTS[2]

Plaintiff, who is sixty years old, began working for Defendant Gulf Cold Storage Company ("GCS") as a stacker in August 2012.[3] Am. Compl. (Doc. 27) p. 1, 2; Aff. (Doc. 27-1) p. 2. Later, Plaintiff was hired by Defendant Betty Brantley as a sanitation worker for GCS, where he subsequently became a supervisor. Am. Compl. (Doc. 27) p. 1. At some point, when Defendant Brantley was no longer Plaintiff's supervisor, Defendant Brantley complained to Defendant Mike Kiser that she wanted Plaintiff to operate a forklift. *Id.* Plaintiff complained that it was not fair for him to operate a forklift because he was not given forklift operator's pay. *Id.* By 2015, Plaintiff was assigned to work as a forklift operator, a sanitation worker, a jack hammer employee for maintenance, grounds employee, pallet control employee, and stacker. *Id.* at 2. Plaintiff is the only employee that performs multiple jobs at GCS for general labor pay. *Id.*

---

[2] The undersigned sets forth Plaintiff's well-pleaded factual allegations and accepts them as true for purposes of Defendants' Motion to Dismiss.
[3] It appears from the allegations in Plaintiff's Amended Complaint that he remains employed by GCS.

Plaintiff performs multiple jobs "that not even a 20 year old could do by their self." *Id.* Defendants refer to Plaintiff as "old ass" and say that "he gone work or die trying[.]" *Id.* Even though Plaintiff "has been there longer and ha[s] more exper[i]ance than them all[,]" Defendant Mike Kiser has appointed multiple individuals, who are younger than Plaintiff, as supervisors over him. *Id.* Plaintiff has complained of age discrimination and claims that he has been harassed by Defendants Betty Brantley and Latisha Lee because of those complaints. *Id.*

Plaintiff claims that he has been the subject of "constant harassment[,] bullying[,] and threats" by Defendant Betty Brantley and her family members who work at GCS. *Id.* at 4. Plaintiff also contends that Defendant Latisha Lee "has tried many times to get her [b]rother Henry Devos to pick a fight" with Plaintiff and Defendant Mike Kiser has "allow[ed] these acts to take place[.]" *Id.*; Aff. (Doc. 27-1) p. 3. Plaintiff states that he is called the n-word by White employees and is called gay by supervisors. Am. Compl. (Doc. 27) p. 4; Aff. (Doc. 27-1) p. 3.

## B. LEGAL STANDARDS

### 1. Federal Pleading Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfullly-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (internal quotations omitted). A complaint must contain enough well-pleaded facts to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). These Rules, then, require a complaint—at a minimum—to set forth claims in numbered paragraphs and allege sufficient facts for a court to reasonably infer that a defendant's actions were unlawful.

### 2. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations sufficient "to raise a right to relief beyond the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit explains that "complaints . . . must now contain either direct or inferential [factual] allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Randall v. Scott*, 610 F.3d 701, 707 n.2 (11th Cir. 2010) (internal citations and quotations omitted). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678.

To determine whether a plaintiff has stated a claim, a court should first "eliminate any allegations in the complaint that are merely legal conclusions," and then, if there are

5

any well pleaded factual allegations remaining, assume their veracity and decide "whether they plausibly give rise to an entitlement to relief." *Amer. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal citations and quotations omitted). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### 3. Pro Se Litigants

Federal courts must "show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed). A document filed pro se is "to be liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). Despite this leniency, a pro se plaintiff must still comply with the threshold requirements of the Federal Rules of Civil Procedure. *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). Importantly, a district court "does not have license to rewrite a deficient pleading," and—like complaints drafted by attorneys—a pro se complaint must be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

### C. ANALYSIS

#### 1. Plaintiff's Amended Complaint does not meet federal pleading standards.

Plaintiff's Amended Complaint does not meet federal pleading standards. As Plaintiff was previously advised, complaints filed in federal court must satisfy Federal Rule of Civil Procedure 10. *See* Recommendation (Doc. 24) pp. 6-9. Rule 10 requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, Plaintiff's Amended Complaint is not set forth in numbered paragraphs and therefore plainly violates Rule 10.

Additionally, despite being previously advised to do so,[4] Plaintiff has failed to clearly identify which Defendant(s) he asserts each claim against. For example, in his hostile work environment claim, Plaintiff states that Defendants Brantley, Devos, and Lee have engaged in acts of harassment against him and that Defendant Kiser was responsible to stop the behavior and that Defendant Crisp establishes policies that allow the violations to occur. Am. Compl. (Doc. 27) p. 4. But nowhere within that claim does Plaintiff clearly identify the Defendant(s) against whom he is asserting the claim. As such, it remains difficult for the undersigned (and Defendants) to discern against whom Plaintiff is asserting each of his claims. Because of this deficiency, Plaintiff's Amended Complaint fails to give Defendants adequate notice of the claims against them and therefore violates Rule 8(a)(2). *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) (explaining that a shotgun pleading is one that violates the short and plain statement requirement of

---

[4] *See* Recommendation (Doc. 24) p. 8.

Rule 8); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (identifying the fourth category of shotgun pleadings as a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against").

In accordance with *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018), the undersigned previously "explain[ed] how [Plaintiff's] [original Complaint] violate[d] the shotgun-pleading rule and [has] give[n] [Plaintiff] at least one opportunity to re-plead the complaint." However, Plaintiff has simply filed another complaint with the same deficiencies; thus, the undersigned now recommends that the Amended Complaint be dismissed for failure to meet the federal pleading standards. *See Vibe Micro, Inc.*, 878 F.3d at 1295.

### 2. Plaintiff's Title VII and ADEA Claims Are Time-barred.[5]

Even if this Court were to conclude that Plaintiff's Amended Complaint satisfies the federal pleading standards, the Amended Complaint should still be dismissed because Plaintiff's claims are time-barred.

---

[5] Because Plaintiff's Amended Complaint violates the federal pleading standard, it is unclear if Plaintiff is asserting Title VII and ADEA claims against individual Defendants. Am. Compl. (Doc. 27). However, to the extent that he is, there is no individual liability under Title VII or the ADEA. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the [ADA] does not provide for individual liability, only for employer liability); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII"); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act."). Thus, if Plaintiff is attempting to bring Title VII or ADEA claims against individual Defendants, those claims are not viable and should be dismissed.

Prior to filing a Title VII or ADEA claim, a plaintiff must first file a charge of discrimination with the EEOC within 180 days after the alleged unlawful practice occurred. *McBrayer v. City of Marietta*, 967 F.2d 546, 547 (11th Cir. 1992); *Freeman v. Koch Foods of Ala.*, 777 F. Supp. 2d 1264, 1274 (M.D. Ala. 2011). When the allegedly unlawful employment practices amount to a continuing violation, the time for filing an EEOC charge does not begin until the last occurrence of the discrimination. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1221-22 (11th Cir. 2001). If the EEOC chooses not to act on a charge, a plaintiff must file suit in federal court within 90 days of receiving an EEOC right-to-sue letter. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002). It is well-settled that this means a complainant must file a Title VII suit within 90 days after "receipt" of the right-to-sue notice. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999); *Stallworth v. Wells Fargo Armored Serv. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991). Once a defendant contests the issue of whether the complaint was filed timely, the plaintiff bears the burden of proving that he met the deadline for filing. *Kerr*, 427 F.3d at 951 (citations omitted); *Green*, 281 F.3d at 1231-32 (same).

Here, it is unclear from Plaintiff's Amended Complaint when he filed his EEOC Charge. Indeed, Plaintiff does not allege the date of the last occurrence of discrimination, nor does he advise when he filed the pertinent EEOC Charge. Further, despite being specifically advised to do so, Plaintiff does not attach his EEOC Charge to his Amended Complaint,[6] and he provides no allegations for the Court to determine whether he filed an

---

[6] *See* Recommendation (Doc. 24) pp. 11-12.

EEOC Charge within 180 days of the last act of discrimination. As such, the undersigned is unable to determine with any certainty whether Plaintiff timely filed his EEOC Charge.

However, assuming *arguendo* that Plaintiff timely filed his EEOC charge, the undersigned finds that his suit before this Court is untimely. Plaintiff's original Complaint, which he attaches to the Amended Complaint, alleges that he received a right-to-sue letter from the EEOC on May 12, 2021.[7] Attachments (Doc. 27-1) p. 10. Plaintiff did not file his lawsuit in this Court until August 13, 2021. Compl. (Doc. 1). August 13, 2021, is ninety-three days after May 12, 2021. Thus, Plaintiff's Complaint is untimely and is due to be dismissed.

Notably, in his opposition to Defendants' Motion to Dismiss, Plaintiff does not dispute the date he received his EEOC right-to-sue letter nor does he dispute the date he filed his Complaint in this Court. And there are no allegations in Plaintiff's Complaint or his Amended Complaint and the attachments thereto that contradict his allegation that he received the right-to-sue letter on May 12, 2021. In the undersigned's previous Recommendation, Plaintiff was specifically advised that, if he chose to amend his Complaint, "he should attach his EEOC Charge and his right-to-sue letter, along with facts pertaining to when he received his right-to-sue letter, if any, so that this Court may determine whether his EEOC Charge and his Complaint to this Court are timely." Recommendation (Doc. 24) pp. 11-12. Plaintiff has failed to comply with the undersigned's

---

[7] "Because *pro se* filings must be construed liberally, *Bellizia v. Fla. Dep't of Corrs.*, 614 F.3d 1326, 1329 (11th Cir. 2010), the court also will consider the allegations set forth in [the p]laintiff's initial complaint when evaluating his claims." *Cook-Bey v. Strickland*, 2016 WL 7391040, at *1 (M.D. Ala. Dec. 21, 2016).

order; therefore, the Court is left to accept his allegation that he received his right-to-sue letter on May 12, 2021. Because he filed suit in this Court on August 13, 2021—three days after the 90-day deadline expired—his Complaint is untimely.

### IV. PLAINTIFF'S MOTION TO SUPPLEMENT

Plaintiff moves the Court to supplement his Amended Complaint "due to the defective equipment used herein." Mot. (Doc. 34) p. 1. He asks the Court to allow him to supplement "with a better printer so that his case can be viewed on the merits and not the bad equipments." *Id.*

The undersigned finds it unnecessary for Plaintiff to supplement his Amended Complaint. The undersigned can clearly discern the allegations within the Amended Complaint. And, to the extent Plaintiff's submission of his EEOC right-to-sue letter is illegible, Defendants have attached a copy of the letter to their Motion to Dismiss.[8] Allowing Plaintiff to supplement his Amended Complaint would not alter the analysis or outcome provided within this Order and Recommendation. As such, the undersigned will deny Plaintiff's request to supplement.

### V. CONCLUSION

For the reasons stated above, it is

---

[8] The EEOC right-to-sue letter attached by Plaintiff to the Amended Complaint pertains to EEOC Charge 425-2021-00744. Attachments (Doc. 27-1) p. 5. The EEOC right-to-sue letter attached by Defendants in their Motion to Dismiss pertains to the same charge number. Ex. 1. (Doc. 31-1) p. 2. While Plaintiff's attachment does not clearly show the date on which the letter was issued, Defendants' attachment does. Thus, there is no need for Plaintiff to supplement his Amended Complaint with a clear version of the EEOC right-to-sue letter.

ORDERED that Defendants' Motion to Strike (Doc. 30) and Plaintiff's Motion to Supplement (Doc. 34) are DENIED. Further, it is the

RECOMMENDATION of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 31) be GRANTED, and that Plaintiff's Complaint be DISMISSED. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before February 21, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of February, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE